Tbe opinion of tbe Court was delivered by
O’Neall, J.
In considering this case, I will first take up tbe first and third grounds together.
1 and 8. There is no doubt, if, as in McBride vs. Ellis, 9 Rich. 269, tbe whole of tbe interrogatories in chief are swept away, tbe cross-interrogatories and answers cannot be read. But tbat is not tbe case here. Only one answer, tbat to tbe seventh interrogatory in chief, was excluded on account of conflicting with a rule of evidence: tbe cross-interrogatories and answers were not thereby excluded. In Pulaski, Jacks & Co. vs. Ward & Co., 2 Rich. 121-2, it was said, “It has always been allowed to either party to use tbe questions of and answers to bis adversary.” Tbe second cross-interroga *63 tory was perfectly independent of the interrogatories in chief, and was a distinct admission by the defendant that “ the terms of sale were twelve months credit without interest, purchaser to give note with good security.” The witness answers reiterating the terms, as the defendant stated them, and as the plaintiffs would have proved them, by the seventh interrogatory in chief. We think the judge was right in allowing the cross-interrogatory and answer to go to the jury. The defendant has only realized on this occasion what often occurs, .that a cross-examination proves the plaintiffs’ case.
2. Under the defendant’s second ground, arises the question, whether the memorandums in writing were sufficient, under the 17th sec., 29 Car. 2, to charge the defendant? And here we must look to the sale bill; were the entries in it made by a competent person to charge the defendant ? The rule is settled, that an auctioneer is the agent of both parties, and his entry is enough to charge vendor and vendee. The same rule was extended to the Commissioner or Master in Equity, in Gordon vs. Sims, 2 McC. Ch. 151. It will be remembered, as the reason why I notice this case, that the Commissioner was not the crier of the sale, another person did that duty. He (the Commissioner) was the agent of the Court, and of the parties to make the sale, hence his entry, and not that of the crier’s was looked to. There is in this •respect a marked difference between administrators’ sales, and those of a vendue master. The latter is authorized by both parties to make the sale, hence as in Entz vs. Mills & Beach, 1 McMull. 453, he must make the entry, and his clerk cannot. There is another and perhaps a better reason why he must make the entry; his book containing such entry is by law evidence of the sale. Bennett ads. Carter, Dud. 142. The cases of Cathcart vs. Keirnaghan, 5 Strob. 129, and Simmons vs. Anderson, 7 Rich. 67, sufficiently show that sales by administrators are not governed by the rule of Entz vs. Mills & Beach, *64 and that an entry made by the clerk of the administrator and administratrix, in conformity to the results announced by the crier, in the presence and hearing of all concerned, is sufficient. The administrator and administratrix, it must be remembered, sold under the authority, of the Ordinary. His order, like the decree in chancery, authorized the sale, and fixed the terms, and hence all persons, the crier and clerk, wlio are necessary to make the sale, may well be regarded as the agents of the administrator and administratrix, the vendors, and the purchaser, the vendee. Such is the invariable usage, and it would produce immense confusion to decide against it.
In this case, we have the defendant’s admissions of the terms of the sale in the cross-interrogatories, and further, in writing, that he did buy at the sale, in his note offered to the. administrator and administratrix. The only remaining fact wanting, to charge him, is the property purchased and the amount. This is fixed by the testimony of Pox, proving the sale bill.
4. The only remaining ground, is that which relates to the finding of interest eo nomine, on the sum found for the plaintiff.
I have never been satisfied with Ancrum vs. Sloan, 2 Speer, 594. That was an action on the warranty of a pair of horses, and the jury found for the plaintiff, a sum of money with interest from the sale. Unquestionably that was right under the rule settled by Furman vs. Elmore, decided in 1812, 2 N. & McC. 189, note. The rule established by it, was, that the purchaser on a warranty, where there was a breach, should recover the purchase-money and interest, so as to place him in statu quo before the sale. But whether the decision in Ancrum vs; Sloan, be right or wrong, is unimportant here. In this case the interest was clearly recoverable. Por here the recovery is upon a written contract for the payment of money, at a time certain, and in such a case the rule is well *65 settled tbat interest may be found, as it was in this case, though I always prefer, that the interest should be computed and- added to the principal and the aggregate found by the verdict.
The motions for nonsuit and new trial are dismissed.
Wardlaw, Withers, Whither, G-lover and Munro JJ., concurred.-

Motion dismissed.